**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-10079
Summary Calendar
_____

GABRIEL AKASIKE,

Plaintiff-Appellant,

VERSUS

MICHAEL FITZPATRICK
Warden, FCI Big Spring, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:93-CV 140-C)
_____
(June 30, 1994)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Gabriel Akasike appeals the denial of his request for a preliminary injunction to stay his deportation. Finding no error, we affirm.

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

## I.

Akasike filed a civil rights complaint under 42 U.S.C. § 1983, alleging that when incarcerated as a federal prisoner at F.C.I. Big Spring, he was transferred along with other inmates to the Lubbock County Jail under the control of Sheriff Keesee, where he was attacked and received extensive injuries because Keesee was callously indifferent to his safety and welfare. The district court initially dismissed Akasike's claims as to defendants Fitzpatrick and Keesee. We affirmed as to Fitzpatrick but vacated and remanded as to the claim against Keesee.

On remand, Akasike filed a motion for a "temporary injunction," asserting that he had been found deportable by the Immigration and Naturalization Service (INS) and needed an injunction to stay deportation so that he could "attend the Civil trial" referring to his instant § 1983 action. The district court denied his motion without stating reasons.

## II.

Akasike asserts that a preliminary injunction is required to stay deportation so that he will not be deported before trial regarding his § 1983 claim. In essence, the request for an injunction is tantamount to a request for a stay of deportation. He admits that he has appealed the INS's decision to deport him to the Board of Immigration Appeals (BIA). He also admits that should his appeal with the BIA be unsuccessful, and should he "decide to put in a motion for stay of his deportation and petition to review

2

his deportation order, . . . he will do so at the appropriate time." He contends, however, and somewhat speciously, that he need not exhaust administrative remedies because he is not attacking a final order of deportation.

Deportation orders entered by immigration judges are reviewed initially by the BIA. 8 C.F.R. § 242.22. The BIA "is a delegate of the Attorney General and exercises the Attorney General's reviewing authority in deportation cases. The BIA's decision, absent exceptional circumstances, is administratively final, subject only to judicial review." Johns v. Department of Justice, 653 F.2d 884, 889-90 (5th Cir. Aug. 1981) (footnote omitted).

An alien subject to a final order of deportation has ninety days to file a petition for review of the BIA's decision in the appropriate circuit court, or only thirty days if the alien is convicted of an aggravated felony. 8 U.S.C. § 1051a(a)(1) (West 1994); Umanzor v. Lambert, 782 F.2d 1299, 1303 (5th Cir. 1986). The filing of such a petition "shall stay the deportation of the alien pending determination of the petition by the [circuit] court, unless the [circuit] court otherwise directs." 8 U.S.C. § 1105a(a)(3). If the alien is convicted of an aggravated felony, however, INS will not stay deportation "pending determination of the petition by the [circuit] court, unless the [circuit] court otherwise directs." Id.

It is uncertain whether Akasike was convicted of an aggravated felony (for INS purposes). In any event, (1) his request for a stay was improperly lodged in the district court; (2) he can

3

automatically obtain the relief sought, if he was not convicted of an aggravated felony, by filing a petition for review in this court once the BIA's decision is rendered; and (3) if he was convicted of an aggravated felony, the relief sought is unavailable unless we direct otherwise.  See Umanzor, 782 F.2d at 1303; 8 U.S.C. § 1105a(a)(1), (3).  Because the district court is without authority to grant a preliminary injunction given the specific facts and posture of this case, it properly denied Akasike's request.

### III.

Akasike has moved for the appointment of appellate counsel. A civil rights complainant has no right to the automatic appointment of counsel, and Akasike has not shown that his case presents any exceptional circumstances warranting the appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The order denying injunction is AFFIRMED.  The motion for appointment of counsel is DENIED.