United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21213
Conference Calendar

_____

MICHAEL DOUGLAS,

                                        Plaintiff-Appellant,

versus

JOHN DOE, #1 President Bk. of Am.; JOHN DOE,
#2 Vice Pres. Bk. Am.; JOHN DOE, #3 Supervisor
New Accts.,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3206
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Michael Douglas, Texas prisoner # 251497, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction.

The district court apparently construed his complaint as arising

under its diversity jurisdiction, but it concluded that it lacked

jurisdiction to hear the state law claims of one Texas resident

against another.  See 28 U.S.C. § 1332.  The dismissal of a

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Douglas failed to allege facts to establish the existence of diversity jurisdiction. On appeal, Douglas does not directly challenge the district court's finding that complete diversity had not been shown, and he does not allege facts to show that complete diversity existed. Because he has failed to brief this issue, he has waived it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Douglas's complaint also is subject to dismissal even if we assume that the district court erred in construing it as arising under its diversity jurisdiction. Douglas filed his complaint pursuant to 42 U.S.C. § 1983, which would invoke the district court's federal question jurisdiction. See 28 U.S.C. § 1331. However, the defendants (all unnamed) are not state actors; they are employees or officials of Bank of America and one of its branches in Houston, Texas. It does not appear that any of these private individuals were acting "under color of state law," nor has Douglas alleged that any of these defendants conspired with a state actor to deprive him of a constitutional right. See Hobbs v. Hawkins, 968 F.2d 471, 479-80 (5th Cir. 1992).

Douglas's motion for appointment of counsel is denied because this case does not present exceptional circumstances. <u>Akasike v. Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994).

We AFFIRM the district court's dismissal, and DENY the motion for appointment of counsel.