United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41800
Summary Calendar

GEORGE L. ROSAS,

Plaintiff-Appellant,

versus

PATSY PEREZ, District Clerk, Nueces County;
CATHY POPE CLARK, Assistant Attorney General, Child Support
Division; LORENA COVARRUBIAS, Deputy Clerk, Nueces County;
CLAUDIA PV, Deputy Clerk, Nueces County;
J.U. WILBURN, Deputy Clerk, Nueces County,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
No. 2:05-CV-102
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

George Rosas, a Texas prisoner proceeding pro se and in forma pauperis ("IFP"), filed a civil rights complaint under 42 U.S.C. § 1983 against Patsy Perez, Clerk of Court for Nueces County, and Cathy Pope Clark, Assistant Attorney GeneralSSChild Support Divi-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion, in their individual, not official, capacities. Rosas alleges that he did not receive notice of the outcome of a paternity action in which he was involved and that he was not informed that the documents he submitted had been filed in the paternity case. He asserts that Perez and Clark conspired to prevent him from receiving the notices. The district court dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim. A district court's ruling on a rule 12(b)(6) motion for failure to state a claim is subject to <u>de novo</u> review. <u>Scanlan v. Texas A&M University</u>, 343 F.3d 533, 536 (5th Cir. 2003).

The court dismissed the claim that Perez and Clark conspired to deprive Rosas of his opportunity to litigate his paternity suit, because the claim was based solely on conclusional allegations that were unsupported by any specific factual allegations. On appeal, Rosas has not alleged any factual basis supporting his claims. The district court did not err in finding that Rosas's conclusional allegations are insufficient to state a claim. <u>See</u> <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993).

The court also did not err in granting the motions to dismiss for failure to state a claim without giving Rosas leave to amend. <u>Schultea v. Wood</u>, 27 F.3d 1112, 1118 (5th Cir. 1994) (quoting <u>Jacquez v. Procunier</u>, 801 F.2d 789, 792 (5th Cir. 1986)); <u>see also</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 326-27 (5th Cir. 1999).

Rosas's motion for appointment of counsel on appeal is denied. <u>See</u> <u>Akasike v. Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994); <u>Cupit</u>

v. Jones, 835 F.2d 82, 96 (5th Cir. 1987).

AFFIRMED; MOTION DENIED.