United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-51200
Summary Calendar

GARY EUGENE SIMS,

Plaintiff-Appellant,

versus

DOUG DRETKE, Director, Correctional Institutional Division; VILL
ERILL, Unit Warden; UNIVERSITY OF TEXAS MEDICAL BRANCH; SHIELA
PIEPRZYCO; ROMEO ROJAS, Doctor,

Defendants-Appellees.

**Appeal from the United States District Court
for the Western District of Texas
(5:05-CV-129)**

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Eugene Sims, Texas prisoner # 1029968, contests the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim. He also moves for the appointment of counsel.

Sims, who is HIV positive, contends: the defendants have been deliberately indifferent to his medical needs by, *inter alia*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying him medication for HIV treatment; and they are engaged in a "conspiracy to let [him] die".

Because the district court's dismissal was based on the complaint's both being frivolous *and* failing to state a claim, our review is *de novo*.  *See* ***Geiger v. Jowers***, 404 F.3d 371, 373 (5th Cir. 2005); ***Harper v. Showers***, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).  As the district court noted, the United States Department of Health and Human Services has stated an HIV-positive individual need not *necessarily* undergo anti-HIV treatment; whether to undergo such treatment depends on an individual's medical assessments and particular circumstances.  Sims admits being medically examined on numerous occasions, but disagrees with his diagnosis and course of treatment.  Such disagreement, standing alone, is insufficient to state a claim under § 1983.  *See* ***Varnado v. Lynaugh***, 920 F.2d 320, 321 (5th Cir. 1991); *see also* ***Banuelos v. McFarland***, 41 F.3d 232, 235 (5th Cir. 1995).  Sims' conclusory allegation of a conspiracy is also insufficient to establish such a claim.  *See* ***Wilson v. Budney***, 976 F.2d 957, 958 (5th Cir. 1992).

Because this case does not present exceptional circumstances, Sims' motion for appointment of counsel is denied.  ***Akasike v. Fitzpatrick***, 26 F.3d 510, 512 (5th Cir. 1994).

*AFFIRMED; MOTION DENIED*

2