United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30146
Summary Calendar
_____

LARRY STEPHEN MCBRIDE, SR.,

Plaintiff-Appellant,

versus

WILLIAM EARL HILTON; BRIAN FROST; MARK ROGERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-264
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges:

PER CURIAM:[*]

Larry Stephen McBride, Sr., prisoner # 23596 in the Rapides
Parish, Louisiana, detention center, appeals the district court's
dismissal of his pro se, in forma pauperis, 42 U.S.C. § 1983
complaint. McBride also moves for appointment of counsel. He
argues that the district court erred by dismissing his claims,
which arose from an incident between him and deputies when they
responded to a domestic disturbance complaint, dismissing his
property damage claim, and failing to appoint him counsel.
McBride contends that Corporal Brian Frost used excessive force,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

causing him injuries, failed to obtain medical assistance for him, and broke his $2,000 gold chain. Also on appeal, McBride seeks relief for privacy, due process, "contra bonos mores," and First Amendment claims and requests appointment of appellate counsel.

The district court properly granted Sheriff William Earl Hilton's motion to dismiss and Deputy Mark Rodgers' motion for summary judgment because McBride did not object to the magistrate judge's recommendations concerning these defendants, and he has failed to demonstrate any plain error concerning those dismissals. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The district court also did not err in granting summary judgment in favor of Corporal Frost. Based upon McBride's violent history (of which the deputies were aware before approaching McBride), McBride's violent reaction to requests for him to step outside, and the undisputed scuffle in which McBride engaged with the officers, Corporal Frost used reasonable force to prevent serious bodily injury to themselves or to others and also to prevent McBride from escaping. See Tarver v. City of Edna, 410 F.3d 745, 753 (5th Cir. 2005). This court will not second-guess the deputies concerning a situation in which they had to make split-second, on-the-scene decisions while confronted with a violent individual. See Wagner v. Bay City, Tex., 227 F.3d 316, 321 (5th Cir. 2000). Corporal Frost is entitled to

qualified immunity based upon the undisputed facts viewed in the light most favorable to McBride.

The district court also did not err in granting summary judgment on McBride's property loss claim. Although McBride's property loss was more than de minimis, his constitutional rights have not been violated by Corporal Frost's damaging his gold chain because Louisiana affords McBride due process by providing a post-deprivation remedy. See La. Civ. Code art. 2315 (West Supp. 2006).

Further, McBride is not entitled to relief regarding the privacy, due process, "contra bonos mores" and First Amendment claims because he failed to raise these claims in the district court. See Black v. North Panola School Dist., 461 F.3d 584, 593 (5th Cir. 2006) (citing Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)). McBride's pro se status does not excuse him from this pleading requirement. See Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995).

Finally, because McBride is not entitled to appointment of counsel for his § 1983 claims and he has failed to demonstrate exceptional circumstances, the district court did not err in denying him appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). For the same reason, McBride's request for appointment of appellate counsel is denied. See Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994).

AFFIRMED. Motion DENIED.