IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-11284
Summary Calendar

ALLEN FITZGERALD CALTON

Plaintiff-Appellant

v.

NFN JOHNSON, #6445; OFFICER NFN WILLIAMS, #5112; OFFICER NFN
TERRY; OFFICER NFN WALLS; OFFICER NFN MITCHELL

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2022

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allen Fitzgerald Calton, Texas prisoner # 1123880, filed a civil rights complaint alleging, among other things, that he had been denied access to the prison law library. After prescreening Calton's case, the district court dismissed that claim and the defendants against whom the claim had been brought. Calton's complaint also alleged that in April 2005, Officers Johnson and Wilson were deliberately indifferent to his serious risk of suicide due to his mental

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illness. The officers had given Calton a shaving razor and, when he was left unsupervised, Calton used the razor to slice his wrists. Calton alleged the same claim against Officers Terry, Walls, and Mitchell stemming from an identical incident in July 2005. The district court considered the merits of Calton's claims and granted summary judgment in favor of the defendants and against Calton.

On appeal, Calton argues that, after his case had been prescreened, the district court should have on its own initiative appointed counsel for him. The justification would have been Calton's history of mental illness and the fact that he was taking medication for that illness. He also argues that the district court erred in denying his motion, filed after the summary judgment motions had been submitted to the district court, expressly seeking the appointment of counsel. In that motion, Calton stated that due to the confusion and inability to concentrate caused by his medication regimen, he would need counsel to represent him at the trial of this matter.

Despite Calton's suicidal history, his mental illness, and the effect of his medications, Calton consistently filed coherent pleadings that demonstrated his ability to articulate the factual and legal issues of this case. Accordingly, the district court did not abuse its discretion in failing to appoint counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). Calton proved himself capable of litigating his own case, and the case never proceeded to trial. The record demonstrates the district court's reasons for the denial of Calton's motion for the appointment of counsel. A remand to have the court explain its reasoning is unnecessary. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 262 (5th Cir. 1986).

Calton filed motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) challenging the district court's judgment. Calton sought to submit evidence that he considered crucial to the success of his claims and of which he had always been aware. Calton asserted, however, that he had failed to notice the omission of that evidence when copying his summary judgment declaration

from a draft prepared for Calton by a fellow inmate. Calton contended that his fellow inmate's omission was responsible for his own omission. He now challenges the district court's denial of his postjudgment motions. Calton has not shown the extraordinary circumstances that would warrant relief under Rule 59(e) due to his negligent failure to present all of the available facts crucial to his case in his summary judgment declaration. See ICEE Distribs., Inc. v. J & J Snack Foods Corp., 445 F.3d 841, 847-48 (5th Cir. 2006); Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) ("An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."). For that same reason, Calton has not shown that the district court abused its discretion in denying his Rule 60(b) motion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Calton has also asked that we appoint counsel for him here. In an appeal in a civil rights case, "exceptional circumstances" are usually needed for appointment of counsel. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). The issues presented are "neither peculiar nor complex," and this "record is sufficient, without further development or argument of counsel to support our decision in this matter." Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). There are no exceptional circumstances justifying the appointment of appellate counsel.

We AFFIRM the judgment of the district court. Calton's motion for the appointment of counsel is DENIED.