# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2021

Lyle W. Cayce
Clerk

No. 20-40444
Summary Calendar

Kennie Hines,

*Plaintiff—Appellant*,

*versus*

Sean F. Marshall,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-344

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Kennie Hines, Texas prisoner # 1736823, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint alleging retaliation by Captain Sean F. Marshall. He contends that in response to his filing of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grievances, Marshall confiscated his property, instituted a disciplinary case against him, and twice placed him into restrictive housing. We affirm.

As an initial matter, Hines has moved for appointment of counsel in this appeal. This court may appoint counsel for an indigent plaintiff on appeal if the plaintiff demonstrates that "exceptional circumstances" warrant the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam); *see also Cooper v. Sheriff*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam) (considering "the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants . . ." when deciding whether to appoint counsel (citation omitted)). Hines has not demonstrated that his case presents the requisite exceptional circumstances.

Moving to the substance of Hines's appeal, we review the grant of summary judgment de novo, applying the same standards as the district court. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and reasonable inferences must be construed in the light most favorable to the nonmovant, and the court must not weigh evidence or make credibility determinations. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009). However, the nonmovant cannot satisfy his burden with "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation marks and citation omitted).

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (citation omitted). In the prison context, retaliation claims are "regarded with skepticism," and a prisoner raising such a claim "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal quotation marks and citation omitted).

Here, Hines's complaint concerning the temporary deprivation of several pieces of his property and the purported confiscation of a pair of tennis shoes involves at most a *de minimis* injury insufficient to deter a person of ordinary firmness from further exercising his constitutional rights. *See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("Some acts . . . are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.").

Further, Hines's contention that Marshall initiated a disciplinary action against him in response to his grievances is belied by the fact that the action was predicated on Hines's possession of a contraband watch. Hines has failed to put forward evidence that would show that Marshall acted with a retaliatory motive. *See Woods*, 60 F.3d at 1166.

Finally, Hines has failed to establish a genuine issue as to causation with respect to his housing reassignments. The evidence shows that in the

first instance, Marshall moved Hines to transient custody status to protect both Hines and the investigation while Marshall addressed Hines's grievance that another guard engaged in sexually abusive behavior.  And in the second instance, Marshall had no input into the state classification committee's determination that Hines should be moved to administrative segregation because of his extensive history of possessing weapons while in prison.  Hines has failed to point to evidence that would show that but for some retaliatory motive these reassignments would not have occurred.  *See id.*  Hines has only provided conclusory allegations and unsubstantiated assertions in support of his retaliation claims.  *See Duffie*, 600 F.3d at 371.  We therefore uphold the district court's grant of summary judgment in favor of Marshall.  *See Austin*, 864 F.3d at 328; *Duffie*, 600 F.3d at 371; FED. R. CIV. P. 56(a).

AFFIRMED; MOTION DENIED.