# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2023

Lyle W. Cayce
Clerk

No. 22-10034
Summary Calendar

Rogelio Regalado,

*Plaintiff—Appellant*,

*versus*

Management and Training Corporation, *A private corporation*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-185

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Rogelio Regalado, proceeding pro se and in forma pauperis, appeals the district court's grant of Management and Training Corporation's ("MTC") motion to dismiss and final judgment dismissing with prejudice

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

all claims against MTC pursuant to Federal Rule of Civil Procedure 54(b). [1] In the amended complaint active before the court, Regalado avers that MTC failed to properly implement social distancing measures and enforce mitigation measures in light of the COVID-19 pandemic; negligently placed a COVID-19 positive inmate in the general population; failed to properly staff the John R. Lindsey State Jail in Jacksboro, Texas, where Regalado was located; and conspired to violate Regalado's constitutional rights to a safe and secure environment for financial gain.

On appeal, Regalado argues that the district court erred when it: (1) did not acknowledge Regalado's indigent status; (2) failed to construe Regalado's "First Supplement to Amended Complaint" as a motion for leave to supplement his amended complaint; (3) denied Regalado's motion for appointment of counsel; and (4) incorrectly applied the physical injury requirement under the Prison Litigation Reform Act ("PLRA") in its grant of MTC's motion to dismiss. We address each point of error in turn, reviewing Regalado's pro se filings liberally and holding them to a less stringent standard than we would otherwise apply to filings submitted by lawyers. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

First, we reject Regalado's contention that the district court failed to acknowledge his indigent status. Rather, we note that the district court *did* consider Regalado's motion to proceed in forma pauperis. It ultimately denied this motion as moot, reasoning that MTC had already paid the applicable filing fee when it removed this case to federal court, and reaffirmed this conclusion after Regalado moved for reconsideration. The district court later granted Regalado's motion to proceed in forma pauperis on appeal.

---

[1] In his active complaint, Regalado asserted claims against other parties that remained pending at the time of the 54(b) judgment here on appeal. Only the case against MTC is before us on this appeal.

That the district court denied Regalado's initial motion to proceed in forma pauperis does not change the fact that it acknowledged that motion and, implicitly, Regalado's indigent status. Thus, to the extent Regalado challenges the district court's denial of his first motion to proceed in forma pauperis as moot, our review does not reveal any error that would merit vacating the district court's order.

Second, we turn to the issue of Regalado's efforts to obtain leave to amend his amended complaint. We review a district court's denial of a pro se plaintiff's motion for leave to amend a complaint for abuse of discretion. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002); *Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam) (unpublished).[2] Here, Regalado filed a "First Supplement to Amended Complaint" simultaneous with his response to MTC's motion to dismiss, as well as a separate motion for leave to supplement his amended complaint. Even assuming arguendo that both the responsive pleading and subsequent request for leave constitute proper requests for leave to amend, the district court did not err in denying these requests.

Although a pro se litigant should generally be offered an opportunity to amend his complaint before it is dismissed, *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam), we have explained that a district court need not provide litigants—even those proceeding pro se—multiple chances to amend, particularly where they fail to identify "what new facts they would allege nor attach a proposed amended complaint," *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021) (per

---

[2] Although *Landavazo* and other unpublished opinions (which are dated after January 1, 1996) cited throughout this opinion are "not controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

curiam) (unpublished); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003).

Regalado was given permission by the district court to file an amended complaint, but the district court instructed that this amended complaint must "incorporat[e] *all* of his facts, allegations, and grounds for relief he seeks to assert." Regalado then sought to file a second amended complaint after MTC filed a second motion to dismiss. Regalado was "aware" of MTC's arguments in favor of its motion to dismiss when he filed his amended complaint, including its argument that he had not alleged a physical injury. *Goldstein*, 340 F.3d at 254. However, he failed to include this allegation in his first amended complaint. In addition, in his separate motion for leave to supplement his amended complaint, Regalado neither explained what new facts he would allege nor attached a proposed amended complaint. *See Burke*, 855 F. App'x at 187. Rather, Regalado submitted a one-page request for leave to supplement and proposed additional exhibits without providing any insight into what his amended complaint might allege. In this context, the district court did not abuse its discretion in denying Regalado's efforts to submit a second amended complaint.[3]

Finally, we turn to the district court's grant of MTC's motion to dismiss. We review a district court's grant of a motion to dismiss de novo. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

---

[3] We also deny Regalado's arguments regarding appointment of counsel, as he failed to show an abuse of discretion in the district court's determination that he did not meet the requisite standards. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (abuse of discretion is the standard of review); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam) (pro se plaintiffs in civil suits are not entitled to the appointment of counsel unless their case presents exceptional circumstances.).

No. 22-10034

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). We focus our review on Regalado's active amended complaint. *See id.*

The PLRA precludes suits "brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). We have previously stated that "the application of this provision turns on the relief sought by a prisoner." *Mayfield v. Texas Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008). Accordingly, a prisoner is generally precluded from recovering compensatory damages "for violations of federal law where no physical injury is alleged." *Id.* However, prisoners can recover punitive or nominal damages without a showing of a physical injury where they assert a violation of their constitutional rights. *Id.* at 605–06. Here, as the district court noted, Regalado seeks only compensatory damages.[4] Therefore, to the extent that Regalado fails to allege a physical injury, his claims are barred by 42 U.S.C. § 1997e(e).

We can easily determine that Regalado fails to plead in his amended complaint that he suffered a physical injury as a result of MTC's COVID-19-related policies and the purported conspiracy to violate his constitutional rights. Although Regalado also avers that he was physically assaulted,

---

[4] While Regalado had previously made claims about punitive damages and nominal damages, in the amend complaint that was the active complaint at the time of the 54(b) judgment, he baldly stated that he is "seeking damages in the amount of $5,000,000.00 against Defendant[] MTC" and did not elaborate on the types of damages he sought, in contrast with his earlier pleadings. This revision supports the district court's conclusion that he sought only compensatory damages. Moreover, while Regalado discusses the PLRA's physical injury requirement in his brief, he does not assert that the district court erred when it concluded that he only sought compensatory damages in his amended complaint. Accordingly, any appeal of that determination is waived.

purportedly because of MTC's lack of staffing, he does not allege any physical injury flowing from this assault. Therefore, we conclude that the district court did not err when it held that these claims are barred by 42 U.S.C. § 1997e(e). *See Mayfield*, 529 F.3d at 606 ("Mayfield has not alleged any physical injury and his complaint seeks only compensatory damages. As such, Mayfield's claims for damages are barred by § 1997e(e)." (citations omitted)); *compare Jones v. United States Marshals Serv.*, 832 F. App'x 572, 572–73 (10th Cir. 2020) (concluding there was an absence of physical injury where the plaintiff pled exposure to the risk of COVID-19 infection), *and Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (per curiam) (no physical injury alleged where a prisoner merely contended that defendants failed to protect him from other inmates), *with Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (per curiam) (unpublished) (concluding that a petitioner's "alleg[ation] that due to the lack of an accessible shower, he sustained skin sores on his leg" qualified as a physical injury). Therefore, we conclude that the district court did not err when it granted MTC's motion to dismiss.

     AFFIRMED.