# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20510

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2024

Lyle W. Cayce
Clerk

Dwayne Rivens-Baker, Jr.,

*Plaintiff—Appellant*,

*versus*

UTMB Nurse Bintaben Shah; Jerry Sanchez, *Warden*;
Latoya Bradley; Dayo Fasola; Emezie Onyeahialam;
Michael Onwusa,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2462

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dwayne Rivens-Baker, Jr., Texas prisoner # 2064290, moves for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 action.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20510

Rivens-Baker challenges the district court's determination that he failed to exhaust administrative remedies for his excessive force claims against Latoya Bradley, Dayo Fasola, Emezie Onyeahialam, and Michael Onwusa. He argues that he exhausted all of the remedies available to him because his grievances were interfered with and were not processed or returned as required under the grievance policies of the Texas Department of Criminal Justice (TDCJ). However, to exhaust his administrative remedies, Rivens-Baker was required to pursue his grievances through both Step 1 and Step 2, even if he failed to receive a proper response from the TDCJ. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Moreover, the record does not contain, and Rivens-Baker does not point to, any grievances filed through Step 2 concerning the excessive force incident at issue. Accordingly, Rivens-Baker has not shown that he will raise a nonfrivolous issue regarding the district court's exhaustion determination. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Additionally, Rivens-Baker challenges the district court's determination that his deliberate indifference claim against Nurse Bintaben Shah was refuted by a video of the incident and documentary evidence. He contends that this evidence supports his arguments. However, the district court correctly described the videos and medical records provided by the TDCJ, none of which support Rivens-Baker's allegations. *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007); *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011). In addition, although Rivens-Baker conclusorily asserts that he was denied discovery from "medical defendant," he does not identify this defendant or explain how this discovery would have supported his claims. Thus, he has not shown that he will raise a nonfrivolous issue regarding this claim. *See Howard*, 707 F.2d at 220.

2

No. 23-20510

In his final point, Rivens-Baker argues that the district court erred in denying his motions for the appointment of counsel. He concedes that "the complexity of [his] case was not great," but contends that his ability to investigate the case was greatly hindered because he was "back [and] forth on medical chain without legal materials" and because his "mental health diagnosis [made] litigation extremely hard." Rivens-Baker has not shown that he will raise a nonfrivolous issue, as he has not identified any exceptional circumstances warranting the appointment of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Howard*, 707 F.2d at 220.

Rivens-Baker does not challenge the district court's determinations that (1) his claims against the defendants in their official capacities were barred by the Eleventh Amendment; (2) his claim that Shah falsified records did not allege a constitutional violation as required under § 1983; and (3) his claims against Assistant Warden Jerry Sanchez for failure to investigate and for failure to properly train staff did not survive summary judgment. Accordingly, he has abandoned any challenge to these determinations. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Rivens-Baker fails to show that his appeal involves a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard*, 707 F.2d at 220; 5th Cir. R. 42.2. His motion for the appointment of counsel also is DENIED.

This dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Rivens-Baker is WARNED that if he accumulates three strikes,

3

No. 23-20510

he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).