**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tracy Ann SANCHEZ, Defendant–Appellant.**

No. 04–4005.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 2004.

Ayne T. Dance, Asst. U.S. Attorney, Office of the United States Attorney District of Utah, Salt Lake City, UT, for Plaintiff–Appellee.

Stephen R. McCaughey, McCaughey & Metos, Salt Lake City, UT, Tracy Ann Sanchez, # 07743–081, Carswell Federal Medical Center, Ft. Worth, TX, for Defendant–Appellant.

Before SEYMOUR, LUCERO, and O'BRIEN, Circuit Judges.

## ORDER

SEYMOUR, Circuit Judge.

Tracy Ann Sanchez pled guilty to engaging in a continuing criminal enterprise related to the distribution of drugs in violation of 21 U.S.C. § 848. She sought and was denied a downward departure of her sentence based on extraordinary physical impairment under U.S.S.G. § 5H1.4. Her

appointed counsel seeks to withdraw pursuant to *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there are no grounds to challenge the district court's denial of a downward departure and there exist no other non-frivolous issues for appeal. Ms. Sanchez has filed a *pro se* reply in which she raises additional issues she wishes to appeal.[1] Under *Anders*, we must conduct a "full examination of all the proceedings" to determine if the case is wholly frivolous. *Id.* at 744, 87 S.Ct. 1396. After reviewing the record, we grant counsel's request to withdraw and dismiss the appeal.

■ For the sake of thoroughness, we will address all the points of possible appeal raised by counsel and Ms. Sanchez. With regard to the district court's denial of Ms. Sanchez's request for a downward departure based on extraordinary physical impairment, we can only review such a decision if the district court unambiguously stated it was denying a request for departure because it lacked legal authority to do so. *See United States v. Castillo*, 140 F.3d 874, 887 (10th Cir.1998); *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994). Here, the district court stated:

> I've thought about this for awhile and quite a bit, particularly recently, of course. And one of the tests in the case it seems to be that people can function and get about under 5H1.4.... I think under the cases-I mean, obviously she has a serious medical condition, but that doesn't by itself give her a 5H1.4. I don't think it meets the case law requirement for that. So that's denied.

Rec., vol. III, at 8. The court's statement is a factual determination that Ms. Sanchez's situation does not rise to the level of

---

1. The government sent a letter informing us it does not intend to submit any brief on this matter.

an extraordinary physical impairment within the meaning of the guideline. Our review of the record convinces us the district court was aware of his authority to depart. Accordingly, we do not have jurisdiction to review this issue.

Ms. Sanchez asserts in her *pro se* brief that her rights to due process and effective assistance of counsel were violated, and she seeks another appointed attorney. We construe *pro se* pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir.2003). In particular, Ms. Sanchez requests a hearing to address the following allegations: 1) pursuant to U.S.S.G. § 5K1.1 (Substantial Assistance to Authorities), the government agreed to move for a downward departure in exchange for her cooperation; 2) under U.S.S.G. § 1B1.8 (Use of Certain Information), the government agreed not to use against her incriminating information obtained during the course of her cooperation; 3) the presentence report stated a different base level of drugs than the amount to which she had agreed; 4) the determination of drug quantity under U.S.S.G. § 2D1.1(c) (Drug Quantity Table) violated due process;[2] and 5) counsel advised her to enter into a plea agreement with the government and "she was assured she would receive a downward departure." Aplt. br. at 1.

■ Ms. Sanchez's additional issues, raised for the first time on appeal, are meritless.[3] First, her counsel acknowledged during sentencing that she forfeited any departure for substantial assistance to the government pursuant to U.S.S.G. § 5K1.1 by fleeing before sentencing:

> [T]he Court is well aware of what happened with Tracy when she didn't show up for a sentencing and left to Mexico . . . her kidney was failing down there, and she had to come back. And so by doing that, she cost herself not only her health . . . . which is the foremost thing, she lost the ability to get the departure of the 5K [sic], cooperation departure and motion from the government, which then intended on recommending her to do 15 years, and there was a possibility she could have received less than 15 years. Obviously she made that choice, and now she's here standing before the Court.

Rec., vol. III, at 3–4. It is a "power-not a duty" of the government to submit a motion for downward departure based on a defendant's substantial assistance. *United States v. Williams,* 374 F.3d 941, 948 (10th Cir.2004). A district court's authority to consider a substantial assistance claim is conditioned upon the government filing a motion, unless the court determines that the government's decision is "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *Id.* at 948–49. Even if the district court were to have reached these issues, however, Ms. Sanchez's flight and failure to appear at sentencing are sufficient grounds for denying the U.S.S.G. § 5K1.1 request. *See id.* at 948 (defendant not entitled to downward assistance for substantial assistance where he fled during conditional release, did not appear

---

**2.** Ms. Sanchez characterizes this as a violation of the Sixth Amendment, but we construe this claim as a due process issue since she makes no mention of any acts by counsel.

**3.** Issues raised for the first time on appeal are subject to the plain error standard. *See Unit-*

*ed States v. Bailey,* 327 F.3d 1131, 1142 (10th Cir.2003). "We apply this standard of review with somewhat less rigidity," however, since Ms. Sanchez alleges constitutional error. *United States v. Lindsay,* 184 F.3d 1138, 1140 (10th Cir.1999).

at sentencing, and only provided assistance on own terms).

Second, Ms. Sanchez raises several issues related to the determination of the quantity of drugs in her case and its impact on her sentence. She claims the government agreed not to use her incriminating statements regarding drug amounts against her, pursuant to U.S.S.G. § 1B1.8. Although the government did not specifically agree to refrain from using incriminating information, the presentence report nevertheless excluded self-reported quantities of drugs in the spirit of U.S.S.G. § 1B1.8, stating: "[b]ecause significant drug quantities and activities were unknown to the government without the information provided by the defendant, it seems inappropriate to use those self-disclosed quantities...." Rec., vol. IV, add. at 2. Relying on the presentence report, the district court adopted an offense level as the basis for her sentence that did not include any self-reported quantities. Based on the record evidence, Ms. Sanchez's assertion that the government used incriminating information regarding drug quantity against her is unsupported. Moreover, there is nothing in the record to support her claim that she was guaranteed a calculation of drugs different from that in the presentence report. There is also nothing in the record to substantiate her allegation that the amount was calculated in violation of due process under the drug quantity table listed at U.S.S.G. § 2D1.1(c).[4]

Finally, "we will not resolve an ineffective assistance of counsel claim on direct appeal when the claim has not been raised before the district court." *United States v. Montoan–Herrera,* 351 F.3d 462, 465 (10th Cir.2003) (citing *United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995) (*en banc*)). Such claims must be raised instead in a petition for a writ of habeas corpus. After carefully examining the entire proceedings, we conclude that there are no non-frivolous grounds for appeal. We therefore **GRANT** counsel's motion to withdraw, and **DISMISS** the appeal.

---

4. If Ms. Sanchez's concern is regarding an erroneous calculation, it is a factual issue to which she should have objected before the district court. Factual disputes not brought to the attention of the district court do not rise to the level of plain error and thus are waived for purposes of appeal. *See United States v. Svacina,* 137 F.3d 1179, 1187 (10th Cir.1998); *see also United States v. Green,* 175 F.3d 822, 837 (10th Cir.1999).