**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 6, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TRACY ANN SANCHEZ, also known
as Tracy Gomez,

      Defendant-Appellant.

No. 04-4005
(D.C. No. 1:00-CR-00041-DAK)
(Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Tracy Ann Sanchez pled guilty to engaging in a continuing criminal enterprise related to the distribution of drugs in violation of 21 U.S.C. § 848. On appeal, we granted her counsel's request to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed her appeal. *United States v. Sanchez*, 118 Fed. Appx. 480 (10th Cir. Dec. 22, 2004). The Supreme Court

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

summarily vacated and remanded our decision for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Sanchez v. United States*, 125 S. Ct. 2554 (2005). We requested supplemental briefing addressing the impact of *Booker* on Ms. Sanchez's sentence. Having reviewed the parties' submissions, we dismiss the appeal.

As its supplemental brief, and pursuant to the procedures we set forth in *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (*en banc*) (per curiam), the government filed a motion to enforce Ms. Sanchez's plea agreement on the basis of the waiver of appellate rights contained therein.[1] Ms. Sanchez's plea agreement included the following waiver of her right to appeal her conviction and sentence:

> I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed on me that is within the maximum provided by the statutes of conviction, as well as the right to appeal or challenge the manner in which that sentence is determined on the grounds set forth in 18 U.S.C. § 3742 or on any other ground, except I do not waive my right to appeal any upward departure from the sentencing guideline range used by the Court . . . .

Aple. Br., attach. A at 3. It further stated that: "I understand and agree that the

---

[1]The government did not assert this appellate waiver in response to Ms. Sanchez's initial appeal, no doubt because her counsel filed an *Anders* brief. Ms. Sanchez does not contend the present motion to enforce the waiver is untimely. *Cf. United States v. Clayton*, 416 F.3d 1236, 1238 (10th Cir. 2005) (government's failure to file timely Rule 27.2 motion to enforce a plea agreement did not result in forfeiture of issue).

-2-

word 'sentence' . . . applies to all aspects of the court's sentencing authority, including but not limited to–(I) Sentencing Guidelines rulings and determinations . . . ." *Id.* at 4.

The presentence report (PSR) calculated Ms. Sanchez's base offense level as 36, determining that her offense involved at least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalent. Her offense level was increased due to her involvement in a continuing criminal enterprise, *see* U.S.S.G. § 2D1.5(a), for the commission of an offense while on release, *see* U.S.S.G. § 2J1.7, and for using a minor to commit a crime, *see* U.S.S.G. § 3B1.4. The PSR also recommended she receive a downward adjustment for acceptance of responsibility. Based on a total offense level of 42 and a criminal history category of II, Ms. Sanchez's guideline range was 360 months to life imprisonment. The PSR noted that the government could file a motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for substantial assistance to authorities, and could recommend a sentence of 15 years.

Ms. Sanchez did not contend in district court that her sentence violated the Sixth Amendment because it was based on judge-found facts or was the result of a mandatory guidelines regime. She did, however, seek a downward departure for extraordinary physical impairment pursuant to section 5H1.4 because she suffers from an inherited metabolic disorder called Primary Hyperoxaluria–Type 1, which

is caused by an enzyme disorder in the liver.  The government opposed this downward departure and sought an upward departure for obstruction of justice because Ms. Sanchez had fled the country while on pretrial release.  Due to her flight, the government also declined to recommend a downward departure for substantial assistance under section 5K1.1.  The district court did not grant either party's request for departure.  It sentenced Ms. Sanchez at the bottom of the applicable guideline range to 360 months imprisonment.  On remand from the Supreme Court, we must now determine whether, in light of *Booker*, Ms. Sanchez's sentence should be reviewed despite her waiver of the right to appeal it.

We established a three-prong analysis in *Hahn* to determine whether to enforce a waiver of the right to appeal.  "We must ask (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. . . ."  *Hahn*, 359 F.3d at 1325.  We have also held that a defendant may waive her right to appeal based on *Booker* error if that error is within the scope of her waiver.  *See, e.g., United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005) (per curiam); *United States v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005).  Ms. Sanchez does not dispute that any *Booker* error is within the scope of her

appellate waiver, nor does she argue that she did not knowingly or voluntarily waive her appellate rights. She claims instead that enforcing the appellate waiver would result in a miscarriage of justice.

Pursuant to *Hahn*, a miscarriage of justice can occur "[1] where the district court relied on an impermissible factor such as race; [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; [3] where the sentence exceeds the statutory maximum; or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327. Ms. Sanchez does not contend that enforcing her appellate rights would result in a miscarriage of justice for the first three reasons listed above. We therefore must decide whether her waiver was otherwise unlawful. So doing, we employ a test that mirrors the fourth prong of plain error review and ask whether any alleged error arising from the sentence given by the district court "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). If not, we must enforce the waiver rather than reaching the merits of the appeal. *Id.* at 1329 n.15.

The district court committed *Booker* error in sentencing Ms. Sanchez. First, the court violated the Sixth Amendment because it sentenced Ms. Sanchez based on a greater quantity of drugs than the amount to which she admitted in her plea agreement, and it found she used a minor to commit a crime. *See Booker*,

-5-

125 S. Ct. at 756. The district court also violated the remedial holding of *Booker* when it treated the guidelines as mandatory. *See United States v. Trujillo-Terrazas*, 405 F.3d 814, 818 (10th Cir. 2005).[2] Our standard for concluding that non-constitutional *Booker* error seriously affects the fairness, integrity, or public reputation of judicial proceedings is an "especially demanding" one, requiring a defendant to show an error is "particularly egregious and that our failure to correct it would result in a miscarriage of justice." *United States v. Dowlin*, 408 F.3d 647, 671 (10th Cir. 2005) (internal quotations omitted). We conduct the analysis "less rigidly," however, for instances of constitutional error. *Id.* Factors supporting a conclusion that the district court's sentencing errors constituted a miscarriage of justice include:

> . . . [1] a sentence increased substantially based on a *Booker* error;
> . . . [2] a showing that the district court likely would impose a
> significantly lighter sentence on remand; . . . [3] a substantial lack of
> evidence to support the entire sentence the Guidelines required the
> district court to impose; . . . [4] a showing that objective
> consideration of the § 3553(a) factors warrants a departure; or . . .
> [5] other evidence peculiar to the defendant that demonstrates a
> complete breakdown in the sentencing process.

*See id*.

---

[2]In *United States v. Gonzales-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005), we noted two distinct types of sentencing errors a court could make under *United States v. Booker*, 125 S. Ct. 738 (2005). These include constitutional *Booker* error, where the court bases a sentence on judge found facts, and non-constitutional *Booker* error, where the court applies the guidelines in a mandatory fashion. *Id.* at 731-32. As discussed above, both are present in this case.

Ms. Sanchez argues that because of her serious medical condition, she satisfies the second, fourth, and fifth factors laid out in *Dowlin*. As to the second factor, however, Ms. Sanchez has not made a showing that on remand the district court would likely impose a significantly lighter sentence. Although the court did sentence her at the bottom of the applicable guideline range, it expressed no dissatisfaction with that range. For example, it stated only the following in resolving Ms. Sanchez's departure argument:

> I've thought about this for awhile and quite a bit, particularly recently, of course. And one of the tests in the case it seems to be that people can function and get about under 5H1.4 . . . . I think under the cases-I mean, obviously she has a serious medical condition, but that doesn't by itself give her a 5H1.4. I don't think it meets the case law requirement for that. So that's denied.

Rec., vol. III at 8. Second, despite a serious health condition that might warrant consideration under the § 3553(a) factors, Ms. Sanchez has not articulated why her condition should result in a different sentence. For instance, she does not contend there are a lack of facilities that can provide her adequate care, or that she is otherwise unable to serve the full term of her sentence. Finally, she does not point to any other evidence demonstrating a complete breakdown of the sentencing process. In sum, Ms. Sanchez has failed to establish that her circumstances merited a lesser sentence. We therefore conclude that the *Booker* errors arising out of this case did not seriously affect the fairness, integrity, or

-7-

public reputation of judicial proceedings.

The government's motion to enforce the waiver of appellate rights is

**GRANTED** and this appeal is **DISMISSED**.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge