United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**September 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50970
Summary Calendar

JOHN FOX,

Plaintiff-Appellant,

versus

JOE WARDY, Mayor; SUSAN AUSTIN; JOSE A. LOZANO;
JOHN F. COOK; DANIEL S. POWER; PAUL J. ESCOBAR;
VIVIAN ROJAS; ANTHONY W. COBOS,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-18
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant John Fox, pro se, appeals the district court's dismissal of his complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim, in part on qualified immunity grounds. Fox argues that the district court erred in dismissing his complaint without giving him an opportunity to respond to the motion to dismiss. Dismissal after allowing the plaintiff only one opportunity to state his case is ordinarily unjustified. Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1999); Schultea v. Wood, 27 F.3d 1112, 1118 (5th Cir. 1994); Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). Such a dismissal is appropriate only when the plaintiff has pleaded his best case, so that allowing him to amend his complaint or elaborate on his claims would still not produce a viable 42 U.S.C. § 1983 claim. As our review reflects that Fox's complaint alleged his best case, it is not necessary to remand for a further factual statement. See Schultea, 27 F.3d at 1118.

We review the district court's dismissal for failure to state a claim de novo, taking the factual allegations of the complaint as true, and resolving any doubts regarding the sufficiency of the claim in the plaintiff's favor. Jones v. Alcoa, Inc., 339 F.3d 359, 362 (5th Cir. 2003). The district court did not err in dismissing Fox's claims against the defendants in their official capacities, because Fox did not allege an official policy, practice or custom that was linked to a constitutional violation. See Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002). Neither did the district court err in dismissing Fox's claims against the defendants in their individual capacities on grounds of qualified immunity, because Fox's allegations, although couched in terms of due process and equal protection, did not allege the violation of a constitutional right. See Siegert v. Gilley, 500 U.S. 226, 231-33 (1991).

The judgment of the district court is AFFIRMED.