**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRACY ANN SANCHEZ,

Defendant-Appellant.

No. 07-4015
(D. Utah)
(D.C. No. 1:06-CV-71-DAK and
1:00-CR-41-DAK)

---

**ORDER**

---

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

---

Proceeding *pro se*, Tracy Ann Sanchez seeks to appeal the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. The matter is before this court on Sanchez's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Sanchez has not "made a substantial showing of the denial of a constitutional right," this court **denies** her request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Sanchez pleaded guilty to engaging in a continuing criminal enterprise related to the distribution of illegal drugs, in violation of 21 U.S.C. § 848. The

district court rejected Sanchez's request for a downward departure for extraordinary physical impairment, USSG § 5H1.4, and also rejected the government's request for an upward departure for obstruction of justice. Sanchez was sentenced to 360 months' imprisonment. Although the written plea agreement contained a waiver of Sanchez's right to directly appeal or collaterally attack her conviction and sentence, she filed a direct appeal with this court. *United States v. Sanchez*, 118 Fed. App'x 480 (10th Cir. 2004) (unpublished disposition). Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the government did not submit a brief. This court concluded the claims Sanchez sought to pursue were frivolous and refused to consider her allegations of ineffective assistance. *Sanchez*, 118 Fed. App'x at 483; *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). The Supreme Court summarily vacated and remanded the appeal in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the government filed a motion seeking to enforce the appellate waiver in the plea agreement. *United States v. Sanchez*, 161 Fed. App'x 778, 779 (10th Cir. 2006) (unpublished disposition). This court granted the motion, concluding enforcement of the waiver would not result in a miscarriage

of justice. *Id*. at 780-82; *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc).

Sanchez filed the instant § 2255 motion on June 22, 2006, asserting her due process rights were violated at her sentencing hearing when the government, in opposition to her request for a downward departure, misrepresented to the court that she would receive appropriate medical care during her imprisonment. According to Sanchez, she has instead received inadequate medical care and her medical condition has deteriorated significantly. The district court enforced the waiver of Sanchez's right to collaterally attack her sentence or the manner in which it was determined and dismissed Sanchez's § 2255 motion.[1]

To be entitled to a COA, Sanchez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, she must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Sanchez has satisfied her burden, this court

[1]The district court also suggested that many of Sanchez's claims could be construed as civil rights claims which must be brought in an action pursuant to 42 U.S.C. § 1983. Because Sanchez is incarcerated in a federal facility, any such civil claims for inadequate medical care must be brought in a *Bivens* action. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338. Although Sanchez need not demonstrate her appeal will succeed to be entitled to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Sanchez's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes she is not entitled to a COA. The district court's resolution of Sanchez's § 2255 motion is not reasonably subject to debate and the issues she seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Sanchez's request for a COA and **dismisses** this appeal. Sanchez's motion for expedited relief is **denied** as moot.

Entered for the Court
Elisabeth A. Shumaker, Clerk


By:
        Deputy Clerk