**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-11082
Summary Calendar

TRACY ANN SANCHEZ

Plaintiff - Appellant

v.

ELAINE CHAPMAN, Warden; GINNY VAN BUREN; TECORA BALLOM,
MD; BEATRICE PARRA, MD; TODD WILCOX, MD; RONALD THOMPSON,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-504

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Tracy Ann Sanchez ("Sanchez"), a federal prisoner,
appeals the district court's denial of her motion for appointment of counsel. We
VACATE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. BACKGROUND

In 1998, Sanchez was diagnosed with a hereditary and terminal disease for which she requires a dual liver and kidney transplant. In December 2003, Sanchez was sentenced to 360 months imprisonment for engaging in a continuing criminal enterprise related to distribution of marijuana. She has been incarcerated at Federal Medical Center Carswell ("Carswell") since January 2004. Sanchez was on an organ transplant waiting list at the time of her sentencing. At her sentencing hearing, she requested a downward departure based on her severe illness. The Government, however, declined to request a downward departure after Sanchez fled to Mexico for five months while she was on pre-trial release. In 2006, the sentence was upheld following direct appeal[1] and habeas relief was denied in 2007.

During her incarceration, Sanchez submitted several administrative requests regarding a release for the purpose of obtaining a transplant.[2] Her requests were reviewed by the prison's Organ Transplant Committee, among other entities, but were eventually denied in November 2005 due to the advanced nature of her illness. Sanchez filed timely appeals with the appropriate prison officials. Meanwhile, her condition worsened as she developed complications from dialysis, and she was hospitalized several times during the grievance process.

On August 18, 2008, Sanchez filed a *pro se* suit against Carswell's officials and members of its medical staff in the Northern District of Texas. She alleged

---

[1] After the sentence was upheld on direct appeal, the Supreme Court remanded for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand to the Tenth Circuit, the appeal was dismissed. *United States v. Sanchez*, 161 F. App'x 778 (10th Cir. 2006).

[2] As of September 2005, the public defender who represented Sanchez in her direct appeal also advised Sanchez on her administrative requests within the Bureau of Prisons. It is unclear from the record when counsel's representation ended. However, Sanchez proceeded *pro se* in her habeas petition and administrative appeals.

that their delay in access to medical care amounted to deliberate indifference in violation of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act. Sanchez attempted without success to obtain counsel and ultimately filed a motion for appointment of counsel. The district court denied the motion. Sanchez timely filed this appeal.

## II. ANALYSIS

We review a district court's denial of a motion for appointment of counsel for abuse of discretion. *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

While the trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. §1983, the court has discretion to appoint counsel if doing so would advance the proper administration of justice. *Branch v. Cole*, 686 F.3d 264, 266-67 (5th Cir. 1982). The district court should consider four factors in ruling on request for appointed counsel: "(1) the type and complexity of the case; (2) whether [Sanchez] is capable of adequately presenting [her] case; (3) whether [Sanchez] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1985). In considering motions for appointment of counsel in section 1983 cases, district courts should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986).

In the order denying Sanchez's motion for appointment of counsel, the district court stated only, "After review and consideration of the motion under this standard, the Court concludes that the motion must be denied." The district court cited case law,[3] but stated a conclusion without examining the *Ulmer*

___

[3] The district court cited *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991), *Hulsey v. Texas*, 929 F.2d 168, 172 (5th Cir. 1991), and *Jackson*, 811 F.2d at 261. *Vinson* and *Hulsey*

factors. While we have affirmed the district court's denial of appointment of counsel when the district court has not explained its application of the *Ulmer* factors, we have only done so when the record shows with sufficient clarity the facts underlying the district court's decision. *See, e.g.*, *McAlister v. Livingston*, No. 08-20297, 2009 WL 3199690, *16 (5th Cir. Oct. 6, 2009) (unpublished per curiam); *Jackson*, 811 F.2d at 262. In this case, the record does not clearly demonstrate the basis for the court's decision. Sanchez has proceeded *pro se* on several claims, but her severe illness may impact the analysis of one or more of the *Ulmer* factors. Accordingly, we vacate the district court's order denying the appointment of counsel.

Under most circumstances, we would remand to the district court to provide specific findings as to why counsel was denied. *See Robbins*, 750 F.2d at 413; *see also Ulmer*, 691 F.2d at 213. Here, however, we are presented with peculiar circumstances. We note that approximately fifteen months have passed since Sanchez filed her *pro se* claim alleging deliberate indifference in medical treatment. Further, we have stated that "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To meet this evidentiary burden, Sanchez will likely be required to engage in extensive discovery and document review related to lengthy treatment periods. Moreover, the limitations on Sanchez's litigating

---

are inapposite to the case *sub judice*, as they involved motions for appellate counsel. In *Jackson*, we stated, "The failure to issue findings frustrates appellate review and cannot ordinarily be accepted." 811 F.2d at 262.

abilities are exacerbated by her deteriorating health condition. *Accord Ulmer*, 691 F.2d at 213 (listing ability to investigate adequately as a factor to consider in motions to appoint counsel). Accordingly, based on these peculiar circumstances, we remand to the district court with instructions to appoint counsel. This unusual course of action is required to "advance the proper administration of justice." *Branch*, 686 F.3d at 266-67.

## III. CONCLUSION

For the foregoing reasons, we VACATE the district court's order and REMAND with instructions to appoint counsel.