# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

No. 09-11218

Lyle W. Cayce
Clerk

BILLY REESE McMILLAN, JR.,

Plaintiff-Appellant

v.

DEPUTY PATRICK RICHMOND, (of KCSO); NATALIE JEAN WILLIAMS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No: 3:09-CV-1938

Before KING, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:[*]

The district court dismissed *pro se* plaintiff Billy McMillan's 43 U.S.C. § 1983 lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B), because it was time-barred. In this appeal, McMillan challenges that order, arguing that the district court should have permitted him to proceed with a malicious prosecution action which was not time-barred. We affirm in part and vacate and remand in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11218

I.

McMillan's § 1983 action is based on events that occurred from October 2 to October 17, 2007.  According to the allegations of McMillan's complaint, on October 2 and 3, McMillan and defendant Natalie Williams, who lived together, became embroiled in an argument.  Early on October 3, McMillan entered the house to retrieve his tools.  Williams called 911, hung up, and then reported an intruder when the 911 operator returned the call.

Defendant Deputy Patrick Richmond and other officers responded on October 3.  McMillan informed Richmond and the officers that he resided in the home.  He explained where they would find his tools, that he had text messages between himself and Williams, and that he had a key. Richmond took the key, spoke with Williams, and then proceeded to tightly cuff McMillan and arrest him for burglary with intent to commit an aggravated assault with a deadly weapon. Williams went to the jail later that morning and gave an affidavit retracting her "false allegations" against McMillan.  However, McMillan was kept in jail and bail was set later on October 3 by a magistrate on the basis of Richmond's probable cause affidavit, which used Williams's version of events.  It was not until October 15, 2007, that McMillan was able to post bail and he was released from custody. The charges were dropped about two days later.

McMillan filed a § 1983 suit against Williams and Richmond on October 14, 2009.  In his complaint, under the "Causes of Action" section, McMillan alleged:

> **Impairment of Constitutional Rights Under Color of State Law pursuant to 42 U.S.C. § 1983**: Defendants DEP. RICHMOND and WILLIAMS together violated Plaintiff MCMILLAN'S civil rights protected by the FOURTH (unreasonable SEIZURE for **13 days**) & FOURTEENTH (DUE PROCESS & EQUAL PROTECTION) AMENDMENTS to the U.S. CONSTITUTION, under color of state law.

2

No. 09-11218

(emphasis in original).  After setting forth the facts surrounding his arrest, McMillan alleged that on the same morning, after the arrest, Williams came to the jail to "correct" her earlier allegations, but bail was set at $50,000.

The magistrate judge issued a report and recommendation recommending that McMillan's complaint for false imprisonment be dismissed as time barred under the Texas two-year statute of limitations that applies to § 1983 actions. The magistrate judge calculated the prescriptive period based on an October 3, 2007 accrual date because McMillan's bail was set on that date.  The magistrate judge observed that the false imprisonment ended when bail was fixed. McMillan filed his Verified Objections to the Magistrate Judge's Findings, Conclusions, and Recommendation asserting that his § 1983 claim was primarily based on malicious prosecution.  McMillan argued that the accrual date for his malicious prosecution action was the date the charges were dismissed (on or about October 17) so that his suit was timely filed within the two-year statute of limitations.  The district judge overruled the objections, accepted the magistrate judge's findings, and dismissed McMillan's complaint with prejudice under § 1915(e)(2)(B).  McMillan appeals.

II.

McMillan argues that the district court erred in interpreting his complaint narrowly as only stating a false imprisonment claim under § 1983. McMillan asserts that his complaint was broad enough to alert the court that he also had a non time-barred malicious prosecution § 1983 claim.

In his objections to the magistrate's findings and recommendation, McMillan made it clear that he wished to pursue a malicious prosecution claim for his detention after the bail hearing.

A *pro se* IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.  *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994); *see also* § 1915(e)(2)(B)(i).  "A complaint lacks an

No. 09-11218

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal citation and quotation omitted).  A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (internal quotation marks omitted).

However, a *pro se* complaint should not be dismissed without providing the plaintiff an opportunity to amend, unless it is obvious that the plaintiff has pled his best case; where that does not appear, remand is appropriate.  *See, e.g., Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994), *modified on other grounds on reh'g en banc*, 47 F.3d 1427 (5th Cir. 1995).  Although McMillan complained of detention after his bail hearing, he did not flesh out his malicious prosecution claim.  McMillan therefore failed to clearly allege a § 1983 claim based on malicious prosecution.  He alleged enough, however, that he should be given an opportunity to amend and plead his best case.

## CONCLUSION

Accordingly, we AFFIRM the dismissal of plaintiff's § 1983 claim based on false imprisonment and REMAND this case to the district court to permit the plaintiff to amend his complaint to state his best § 1983 claim based on malicious prosecution and for further proceedings consistent with this opinion.

AFFIRMED in part and VACATED and REMANDED in part.