# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2025

Lyle W. Cayce
Clerk

No. 20-20303

Mark Eugene Ricks,

*Plaintiff—Appellant*,

*versus*

Jessica Khan, MD; Jamie Williams; Monica Pickthall;
John Doe, *UTMB Doctor*; John Doe, *UTMB Doctor*; John Doe,
*UTMB Policy Maker*; Jane Doe, *UTMB Policy Maker*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-587

_____

Before King, Richman, and Higginson, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:

Mark Eugene Ricks was incarcerated by the Texas Department of Criminal Justice (TDCJ). Proceeding in forma pauperis (IFP) and pro se, Ricks filed suit under 42 U.S.C. § 1983 against employees of the University of Texas Medical Branch (UTMB), which provides TDCJ with healthcare services. Ricks alleges that the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment in two ways. First, he asserts that he was denied treatment for chronic hepatitis C virus

(HCV) based solely on nonmedical reasons. Second, he alleges that the TDCJ HCV Policy (Policy) was the moving force behind that unconstitutional denial of treatment. The district court granted the defendants' motion to dismiss, holding that Ricks's allegations failed to state a claim for deliberate indifference. The district court also denied Ricks's motion for appointment of counsel. Ricks appeals both decisions. We vacate the district court's orders granting the motion to dismiss and denying appointment of counsel, and we remand with instructions that Ricks be given leave to amend his pleadings and that counsel be appointed to represent Ricks.

## I

Ricks is a Texas state prisoner who has chronic HCV. Ricks filed suit under 42 U.S.C. § 1983 against Jamie Williams, a medical practice manager; Monica Pickthall, a physician's assistant in the HCV clinic; Dr. Jessica Khan; and Doe Defendants. He alleges that (1) Williams, Pickthall, and the Doe Defendants violated his Eighth Amendment rights by inadequately treating his HCV, and (2) Dr. Khan and the Doe Defendants implemented an unconstitutional HCV policy.

In reviewing a motion to dismiss for failure to state a claim, we accept the complaint's allegations as true.[1] The following facts are based on Ricks's complaint and attachments to it, including several publications and articles. HCV attacks the liver, and some individuals affected by it develop chronic HCV. If left untreated, chronic HCV can cause scarring, disease, and cancer of the liver. "HCV-associated liver disease is a frequent cause of death in inmates . . . ." Before 2011, HCV was treated with interferon, but by 2013, direct acting antiviral (DAA) drugs were introduced to treat the

---

[1] *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

disease. DAAs have few adverse side effects and yield "sustained virological response . . . rates in excess of 95% for most HCV patient populations." Guidance published by the American Association for the Study of Liver Diseases and the Infectious Diseases Society of America on March 11, 2019, "recommend[s] [DAA] treatment for all patients with chronic HCV infection, except those with a short life expectancy that cannot be remediated by HCV [DAA] treatment, liver transplantation, or another directed therapy."

Ricks contracted HCV in the Dallas County Jail. In 2011, TDCJ treated Ricks with an interferon treatment. It was unsuccessful. Ricks alleges that he requested DAA treatment multiple times after the interferon treatment failed. In 2015, Ricks was referred to Pickthall, who he alleges "ordered that ultrasounds be taken every six months." After requesting a copy of one of his ultrasounds in December 2016, Ricks learned that his "liver had worsened to the point where it was 'morphing' to [cirrhosis]." Ricks's ultrasounds confirm the cirrhosis determination, and his relevant lab test results indicate severe liver scarring in 2013 and cirrhosis in 2017.

In February 2017, Ricks filed a grievance requesting he receive DAAs in order to prevent his illness from progressing. Ricks alleged that he was being denied DAA treatment under the Policy because he was "not sick enough." In response to this grievance, Williams advised that Ricks was not eligible for treatment under the Policy and that treatment would not "be denied [to Ricks] if deemed medically necessary." The response did not explain the criteria for eligibility or for deeming treatment medically necessary. In response to a subsequent grievance, Ricks was advised that he was ineligible for DAAs because his enzyme levels exceeded the limitation for initiation of treatment, and he was being treated in accordance with the Policy.

No. 20-20303

In February 2019, Ricks brought suit under 42 U.S.C. § 1983, seeking injunctive and declaratory relief as well as damages. After Ricks filed suit, he was approved for treatment and started receiving DAAs in April 2019. Ricks's complaint and more definite statement alleged that the UTMB officials were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment because they failed either to treat his HCV or "to enact [a] policy protecting patients from progressing to [cirrhosis]." The district court allowed Ricks to proceed IFP but declined to appoint counsel.

The defendants filed a motion to dismiss Ricks's claims under Federal Rule of Civil Procedure 12(b)(1) as moot and under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The district court granted the motion and dismissed Ricks's complaint with prejudice for failure to state a claim. Ricks filed a timely Rule 59(e) motion for reconsideration, which the district court denied. Ricks filed a timely notice of appeal.[2] The district court denied Ricks leave to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith. Ricks filed motions in this court for leave to proceed IFP and for appointment of counsel, which we granted.

## II

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6).[3] "To avoid dismissal for failure

---

[2] *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A)(iv).

[3] *Whitaker v. Collier*, 862 F.3d 490, 496-97 (5th Cir. 2017) ("A dismissal for failure to state a claim under Rule 12(b)(6) is reviewed 'de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" (alteration in original) (italics omitted) (quoting *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012))).

No. 20-20303

to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'"[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] We must accept all well-pleaded facts as true and construe pro se pleadings liberally.[6]

Generally, "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case"; when it is not apparent that the plaintiff has pled his best case, remand is appropriate.[7] "Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified."[8] Although the

---

[4] *Carlucci v. Chapa*, 884 F.3d 534, 537-38 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.* at 538 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[6] *Estelle v. Gamble*, 429 U.S. 97, 99, 106 (1976) (stating that the "handwritten pro se document is to be liberally construed" in analyzing an Eighth Amendment deliberate indifference claim).

[7] *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam) (first citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); and then citing *Peña v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998)) (remanding to give the defendant the opportunity to amend his allegations); *see also Bazrowx*, 136 F.3d at 1054 ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (italics omitted) (citing *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982))); *McMillan v. Richmond*, 400 F. App'x 878, 881 (5th Cir. 2010) (per curiam) ("[A] pro se complaint should not be dismissed without providing the plaintiff an opportunity to amend, unless it is obvious that the plaintiff has pled his best case; where that does not appear, remand is appropriate." (italics omitted) (citing *Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994), *modified on other grounds on reh'g en banc*, 47 F.3d 1427 (5th Cir. 1995))).

[8] *Schultea*, 27 F.3d at 1118 (first quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); and then citing *Brown v. Tex. A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986)); *see also Fox v. Wardy*, 200 F. App'x 323, 324 (5th Cir. 2006) (per curiam).

district court permitted Ricks to file a more definite statement, it did not allow Ricks an opportunity to amend after he was alerted to the deficiencies of his allegations.[9]  Instead, the district court granted the motion to dismiss "because Ricks [did] not state a claim for relief."  The district court did not address the defense of qualified immunity, instead concluding that Ricks's "allegations amount to a disagreement with his medical treatment and do not support a claim for deliberate indifference to his serious medical needs in delaying treatment."

Based on our review of the record, we cannot say that "allowing [Ricks] to amend his complaint or elaborate on his claims would still not produce a viable 42 U.S.C. § 1983 claim."[10]  "[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[11]  A plaintiff can demonstrate deliberate indifference "by showing that a prison

---

[9] *See Hale*, 642 F.3d at 503 (remanding to allow the plaintiff to amend his allegations because "it does not appear that [the plaintiff] has had an opportunity to amend his . . . claim after being alerted to its deficiencies" and stating, "We have held that district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case" (italics omitted) (first citing *Bazrowx*, 136 F.3d at 1054; and then citing *Peña*, 157 F.3d at 987 n.3)).

[10] *See Fox*, 200 F. App'x at 324; *see also Daniell v. Cole*, No. 94-20324, 1994 WL 725027, at *2 (5th Cir. Dec. 19, 1994) (per curiam) ("Where the pleadings, viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his best case, there is no need to remand for further proceedings." (citing *Schultea*, 27 F.3d at 1118)).

[11] *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam) (alterations in original) (quoting *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999)).

No. 20-20303

official refused to treat him . . . [or] intentionally treated him incorrectly."[12] In his complaint and more definite statement, Ricks alleges that DAAs are the universally accepted treatment for HCV, especially for someone suffering from late-stage liver disease. However, according to Ricks, the defendants repeatedly denied him such treatment, as the Policy permits, resulting in irreversible cirrhosis of the liver. Liberally construed, these allegations arguably raise a viable claim of deliberate indifference. Dismissal of Ricks's complaint without allowing him further opportunity to elaborate on the factual and legal bases of his claims was error.

### III

"We review the denial of a motion to appoint counsel for abuse of discretion."[13] When an indigent plaintiff requests counsel, the district court has "discretion to appoint counsel if doing so would advance the proper administration of justice"[14] and "aid in the efficient and equitable disposition of the case."[15] In making this determination, courts consider the factors set out by *Ulmer v. Chancellor*[16]:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate

---

[12] *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (per curiam) (internal quotation marks omitted) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)).

[13] *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citing *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).

[14] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (first citing 28 U.S.C. § 1915(d) (1989), *amended by* 28 U.S.C. § 1915(e) (1996)); and then citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

[15] *Delaughter*, 909 F.3d at 140 (quoting *Jackson*, 811 F.2d at 262).

[16] 691 F.2d 209 (5th Cir. 1982).

adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[17]

In denying Ricks's motion for appointment of counsel, the district court stated that "[t]he law affords no programs for furnishing lawyers to litigants under these circumstances." When a district court allows a litigant to proceed IFP, under 28 U.S.C. § 1915(e)(1) it "may request an attorney to represent" that litigant. In considering motions for appointment of counsel in § 1983 cases, we require district courts to consider the *Ulmer* factors and provide specific findings.[18] The district court did not cite the factors or provide findings explaining the denial of Ricks's motion.

In most cases, we would remand to the district court to provide specific findings regarding the denial of counsel[19] or to consider appointing counsel.[20] This case, however, presents "peculiar circumstances."[21] Ricks's claims involve a complex medical condition and "an extremely high" legal standard.[22] To meet this evidentiary burden, Ricks may need to locate

---

[17] *Delaughter*, 909 F.3d at 140-41 (citations omitted in original) (quoting *Ulmer*, 691 F.2d at 213).

[18] *Jackson*, 811 F.2d at 261-62.

[19] *See Jackson*, 811 F.2d at 262 ("Normally, we would vacate the district court's denial of a request for counsel so that it could present specific findings explaining why counsel was denied." (first citing *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985), *overruled on other grounds by Williams v. Catoe*, 946 F.3d 278 (5th Cir. 2020) (en banc); and then citing *Branch v. Cole*, 686 F.2d 264, 267 (5th Cir. 1982) (per curiam)).

[20] *See Murphy v. Kellar*, 950 F.2d 290, 293 & n.14 (5th Cir. 1992) (reversing and remanding to allow prisoner to conduct discovery on his 42 U.S.C. § 1983 claim and directing the district court "to *consider* appointing counsel" on remand).

[21] *See Sanchez v. Chapman*, 352 F. App'x 955, 958 (5th Cir. 2009) (per curiam).

[22] *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet.").

No. 20-20303

defendants and engage in extensive discovery and document review. There would likely be competing expert testimony as to the standard of care for treating HCV. Ricks "is a prisoner who, without counsel, would have to investigate by himself the prison's policies and employees of the very [facility] where he is incarcerated."[23] Ricks's "deteriorating health condition" likely "exacerbate[s]" the limitations on his litigating abilities.[24] Furthermore, this court's decision to appoint appellate counsel for Ricks supports the argument that appointment of trial counsel would be appropriate.[25] We vacate the denial of counsel and remand with instructions to appoint counsel.[26]

\* \* \*

We VACATE the district court's orders granting the motion to dismiss and denying appointment of counsel. We REMAND with instructions that Ricks be given leave to amend his pleadings and that counsel be appointed to represent Ricks.

---

[23] *See Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

[24] *See Sanchez*, 352 F. App'x at 958.

[25] *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), for the denial of a motion for appointment of appellate counsel); *Cooper v. Sheriff*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam) (considering the *Ulmer* factors in denying the motion for appointment of appellate counsel).

[26] *See Sanchez*, 352 F. App'x at 958; *see also Whitehead v. Eastland County*, No. 93-01451, 1995 WL 370704, at \*3 (5th Cir. May 29, 1995) (per curiam) (instructing the district court to appoint counsel on remand and explaining that the district court "offer[ed] no explanation why [the defendant's] requests for counsel were denied" and that the court's "own examination of the district court file does not independently reveal sufficient facts to justify the district court's denial of counsel").