# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10505
Summary Calendar

———————

Margaret M. Woods,

*Plaintiff—Appellant*,

*versus*

Delta Air Lines, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1759

———————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Margaret Woods filed this pro se Title VII action against Delta Air Lines ("Delta"), alleging that it discriminated against her based on her race and sex. The magistrate judge recommended dismissing Woods's claim as time-barred, and neither party objected. The district court adopted the

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

recommendation and dismissed the claim with prejudice. Finding no plain error, we AFFIRM.

I

Woods alleges that Delta "harassed, slighted, discriminated against and wrongfully terminated" her because she is an African American woman. She first filed a charge with the Equal Employment Opportunity Commission ("EEOC"). During an interview on December 20, 2023, the EEOC declined to take further action and informed Woods that it was closing its investigation. On January 3, 2024, the EEOC emailed Woods that a "new document"—a notice of her right to sue—was "available to download," and it followed up with a reminder email on January 11. The EEOC mailed Woods the same notice on January 19. On July 10, 2024, Woods filed this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*[1]

Delta moved to dismiss Woods's claim, arguing that the complaint was not timely filed and brought in an improper venue. The district court had referred the case to a magistrate judge, who recommended dismissing the complaint with prejudice because Woods had not filed her complaint within ninety days of receiving the EEOC's right-to-sue letter. The magistrate judge further recommended that equitable tolling should not apply because this case does not fit within any of the circumstances we have identified as giving rise to tolling. Concluding that this defect in Woods's complaint is incurable, the magistrate judge recommended that the district court dismiss Woods's sole claim without prejudice.

---

[1] On appeal, Woods argues that in addition to Title VII, Delta violated 42 U.S.C. § 1981, 48 C.F.R. § 52.222-26 (2025), and her "Equal Rights under the Law." But Woods did not raise these issues in her complaint, and "even a *pro se* appellant cannot raise new theories for relief for the first time on appeal." *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 n.2 (5th Cir. 2023).

No. 25-10505

The magistrate judge advised the parties of their right to object to the report and recommendation, and he warned that failure to object would foreclose de novo appellate review of any factual findings or legal conclusions accepted by the district court. Neither party filed an objection. The district court accepted the recommendation, and Woods timely appealed.

II

Ordinarily, "[w]e review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ricks v. Khan*, 135 F.4th 296, 300 (5th Cir. 2025). But "plain error review applies when a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court, so long as the party was served with notice of the consequences of failing to object." *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013).

The district court did not plainly err by dismissing Woods's Title VII claim. Under Title VII, a claimant has ninety days to file suit after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). When the exact date of receipt is either disputed or unknown, we presume "that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). Assuming that Woods received the notice on January 22, 2024 (three days after the EEOC mailed the notice), her suit is untimely because she filed her complaint 170 days later on July 10, 2024.

Nor did the district court err by concluding that equitable tolling is inappropriate here. Woods argues that the district court should have tolled the ninety-day limitations period because (1) Woods was not able to obtain counsel, (2) she did not see the EEOC's letter, (3) her child had health issues, (4) she was pursuing other EEOC charges against past employers, and (5) she was struggling to secure housing and a new job. We have allowed

tolling in Title VII actions when (1) a plaintiff timely files suit in the wrong forum, (2) a plaintiff is unaware of the facts giving rise to the suit because the defendant intentionally concealed them, or (3) the EEOC misleads a plaintiff about her rights. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Although this list is non-exhaustive, "[e]quitable tolling is to be applied 'sparingly.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). None of Woods's justifications for her late filing fits within any of *Granger*'s categories, so the district court did not plainly err by declining to apply equitable tolling in this context.

AFFIRMED.