# United States Court of Appeals for the Fifth Circuit

---

No. 25-20255
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2026

Lyle W. Cayce
Clerk

CHRISTOPHER J. VITATOE, *also known as* KRISJIANNIS DOVAGEISTE,

*Plaintiff—Appellant*,

*versus*

KIPP, INCORPORATED, PUBLIC CHARTER SCHOOL SYSTEM; SPRING BRANCH INDEPENDENT SCHOOL DISTRICT; SEHBA ALI, *Chief Executive Officer*; ALEXIS BROWN, *Formerly Head Principal of KIPP Courage College Prep*; ALBERT WHITE, *Former Co-worker*; CRYSTAL BATISTE, *Regional Superintendent at KIPP*; RAY MOORE, *Principal at Landrum Middle School of Spring Branch Independent School District*; MELISSA VASQUEZ, *Associate Principal at KIPP*; AALIYAH RAMOS; AUDREY SOLOMON, *Human Resources Personnel*; CHUCK FIMBLE, *Human Resources Personnel*; LORI RUSSELL, *Human Resources Director*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-5097

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

No. 25-20255

Per Curiam:[*]

Christopher Vitatoe was employed at KIPP Courage College Prep. Representing himself, he brought claims against various parties affiliated with the school based on alleged discrimination and retaliation he encountered while employed there. Adopting the magistrate judge's report and recommendation, the district court granted a motion to dismiss all claims. Vitatoe appealed, and we AFFIRM.

Vitatoe complained of race discrimination under Title VII of the Civil Rights Act of 1964 and under the Equal Protection Clause of the Fourteenth Amendment, disability discrimination under the Americans with Disabilities Act, conspiracy against rights under 18 U.S.C. § 241, deprivation of rights under 18 U.S.C. § 242, tampering with a witness under 18 U.S.C. § 1512, and retaliation against a witness under 18 U.S.C. § 1513. He alleges discriminatory treatment that included termination of his employment, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation.

We review for plain error the district court's dismissal for failure to state a claim because Vitatoe was "warned of the requirement to file timely objections to a magistrate judge's report and recommendation." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). We accept all well-pled facts as true and "construe *pro se* pleadings liberally." *Ricks v. Khan*, 135 F.4th 296, 300 (5th Cir. 2025).

Here, Vitatoe's claims were general and conclusory. They did not state sufficient facts regarding what acts or omissions each Defendant committed that would provide the basis for respective claims against

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

particular Defendants. He thus did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court did not err, let alone plainly err, by dismissing Vitatoe's complaint, considering it consisted of "naked assertion[s]" that failed "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).

There is some uncertainty about Vitatoe's claims. Even construed liberally, the complaint's "stream-of-consciousness litany of perceived injustices" is "difficult to decipher."

We review the district court's denial of Vitatoe's motion to amend and to join parties for an abuse of discretion. *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (amendment); *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) (joinder). The district court did not abuse its discretion by denying leave to amend. Granting leave would have been futile, considering that the amended complaint would have shared the complaint's severe deficiencies and thus also failed to state a claim upon which relief could be granted. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Additionally, Vitatoe's motion sought to join 124 parties, including 94 putative plaintiffs who were formerly Vitatoe's middle school students. The district court did not abuse its discretion in denying the motion because joinder was not necessary to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

We also review for abuse of discretion the district court's dismissal of Vitatoe's motion for sanctions against KIPP and its counsel. *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). The motion was frivolous, and the district court did not abuse its discretion.

AFFIRMED.