United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

**Charles R. Fulbruge III
Clerk**

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-31096
Summary Calendar

ALDORA SANFORD,

Plaintiff-Appellant,

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF SOCIAL SERVICES; TERRI RICKS,
Individually and in her Official Capacity as the Undersecretary.

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana

(3:05-CV-225)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM[*]:

Aldora Sanford brought claims under Title VII, 42 U.S.C. §
1983, the Americans with Disabilities Act, the Age Discrimination
Act, and state law claims against his former employer, the
Louisiana Department of Social Services, and Terri Ricks. The
defendants filed a motion to dismiss under Rule 12(b)(6) for
failure to state a claim. Having received no response from Sanford,
the district court eventually granted the motion, but invited

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanford to respond. Sanford filed a motion for a new trial under Rule 60(b) or alternatively for reconsideration under Rule 59(e). The court denied the motion. Because we agree with the district court that the complaint fails to state a claim, we affirm.

This court reviews de novo the grant of a motion to dismiss under Rule 12(b)(6). *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). Further, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation marks omitted).

A plaintiff must assert more than general legal conclusions to avoid dismissal. *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks omitted).

After reviewing the briefs and relevant portions of the record, we agree with the district court that Sanford's complaint is deficient. It alleges legal conclusions without alleging the facts necessary to support them. *See Jefferson*, 106 F.3d at 1250. Further, it fails to allege facts on each required element of the various causes of action. *See Rios*, 444 F.3d at 421. Consequently,

we affirm.

**AFFIRMED.**