# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2026

Lyle W. Cayce
Clerk

No. 24-40599

———

Daryl L. Davis,

*Plaintiff—Appellant*,

*versus*

Don Warren, *Mayor*; Shirley McKellar, *Council Member*; Deborah Pullum, *City Attorney*; Jimmy Toler, *Police Chief, City of Tyler*; James Goodman, *Police Officer*; Timothy Hutson, *Police Officer*; Garrett Martin, *Police Officer*; Blake Kelly, *Police Officer*; Kris Davis, *Detective*; Larry Smith, *Sheriff*; Neal Franklin, *County Judge*; Jacob Putman, *District Attorney*; Ralph Caraway, Sr., *Commissioner Precinct 4*; JoAnn Hampton, *Former Commissioner Precinct 4*; E. B. Johnson, *Police Supervisor*; J. Rackliff, *Police Supervisor*,

*Defendants—Appellees*.

———

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-207

———

Before ELROD, *Chief Judge*, and WILLETT and WILSON, *Circuit Judges*.

DON R. WILLETT, *Circuit Judge*:

This case arises from a traffic stop gone awry.

Tyler Police Department officers pulled over Daryl Davis in February 2019 as part of a planned drug sting. During the stop, the officers accused Davis of destroying evidence by swallowing an unknown quantity of crack cocaine. They arrested Davis for tampering with evidence and interfering with public duties.

Davis tells a different story. He contends that the officers violated his constitutional rights during and after the stop. On his telling, the arresting officers used excessive force and unlawfully detained him based on a false claim that he destroyed evidence. He further alleges that the officers refused to order a drug test that would have disproven the accusation that he swallowed drugs. In Davis's view, the constitutional violations continued after his arrest: prosecutors maliciously charged him with a crime he did not commit, and he was subjected to unlawful post-indictment searches and seizures. Davis reported his complaints to city and county officials, but he maintains that they "turned a blind eye" to the misconduct in hopes of concealing a broader pattern of unconstitutional policing.

Based on those allegations, Davis—proceeding *pro se* and *in forma pauperis*—sued Smith County and Tyler city officials in June 2024 under 42 U.S.C. § 1983 for $75 million.[1] The district court dismissed Davis's

---

[1] The County Defendants are Sheriff Larry Smith; Judge Neal Franklin; District Attorney Jacob Putman; Commissioner Ralph Caraway, Sr.; and former Commissioner JoAnn Hampton. The City Defendants are Mayor Don Warren; City Councilmember Shirley McKellar; City Attorney Deborah Pullum; Police Chief Jimmy Toler; police officers James Goodman, Timothy Hutson, Garrett Martin, Blake Kelly, and Kris Davis; and police supervisors E.B. Johnson and J. Rackliff.

No. 24-40599

complaint for failure to state a claim. We AFFIRM in part, VACATE in part, and REMAND for proceedings consistent with this opinion.

## I. Background

Davis's initial pleadings are difficult to parse. His original complaint suggests that he was subjected to a pretextual traffic stop during which officers wrongly accused him of "eating crack," used excessive force, and unlawfully arrested him. Afterward, Davis alleges that he was placed on pretrial supervision for an evidence-tampering offense he did not commit. He also alleges that he reported the officers' unconstitutional conduct—namely, racial profiling—to city and county officials, who refused to act on his complaints.

A magistrate judge screened Davis's *in forma pauperis* action[2] and identified two problems: in the magistrate judge's view, the complaint was untimely and failed to state a claim. The magistrate judge ordered Davis to amend his complaint, correct his pleadings, and address the timeliness of his claims. Davis then filed an amended complaint that expanded on—but hardly clarified—his allegations. More usefully, he attached copies of his state court indictment for evidence tampering and interfering with public duties, and his judgment of conviction by plea of *nolo contendere* for interfering with public duties.[3] Davis maintains that the statute of limitations on his constitutional claims was tolled between September 19, 2019, the date of his indictment, and May 13, 2024, the date he pled *nolo contendere* to interfering with public duties and the government dropped the evidence-tampering charge.

---

[2] *See* 28 U.S.C. § 1915(e)(2).

[3] *See* Tex. Penal Code § 38.15(a)(1).

3

No. 24-40599

The magistrate judge then recommended that Davis's complaint be dismissed for failure to state a claim. The report liberally construed Davis's pleadings as alleging unlawful arrest and detention, malicious prosecution, and excessive force arising from the traffic stop. The magistrate judge further concluded that those claims accrued when Davis was arrested in 2019 and were therefore barred under Texas's two-year statute of limitations for § 1983 actions.[4] And although Davis's complaints mention that he reported the officers' conduct to city and county officials, the magistrate judge did not discern a separate § 1983 claim based on those officials' failure to act.[5]

Davis, still proceeding *pro se*, objected to the magistrate judge's report and recommendation. Relying primarily on *McDonough v. Smith*, he argued that the statute of limitations for his malicious-prosecution claim did not begin to run until the "underlying criminal proceedings" were "resolved in [his] favor."[6] In Davis's view, the clock began to run in May 2024, when the government dropped the evidence-tampering charge and he pleaded *nolo contendere* to interfering with public duties. Davis also argued that the magistrate judge overlooked Fourth and Fourteenth Amendment claims against the officials who ignored his complaints about the officers.

The district court overruled Davis's objections, adopted the magistrate judge's report and recommendation, and dismissed Davis's action under 28 U.S.C. § 1915(e)(2)(B)(ii). The court held that Davis's unlawful-arrest and excessive-force claims were time-barred. The court

---

[4] *See Davis v. Warren*, No. 6:24-cv-207, 2024 WL 4179171, at *2–3 (E.D. Tex. June 27, 2024); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is . . . two years.").

[5] *Davis*, 2024 WL 4179171, at *3.

[6] *See* 588 U.S. 109, 116 (2019).

4

further concluded that Davis failed to state a malicious-prosecution claim because his criminal proceedings did not terminate in his favor. And it dismissed Davis's failure-to-act claim for lack of factual specificity. Accordingly, the court dismissed Davis's claims arising from his arrest and prosecution without prejudice, but dismissed with prejudice his claims based on officials' failure to respond to his complaints. Davis appealed, and we appointed counsel.

## II. Standard of Review

We review dismissals based on § 1915(e)(2)(B)(ii) *de novo*, using the same standard that governs dismissals under Federal Rule of Civil Procedure 12(b)(6).[7] To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] Put differently, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[9] Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief."[10]

"We accept all well-pleaded facts as true, construing all reasonable inferences in the light most favorable to the plaintiff."[11] Although we

---

[7] *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

[9] *Sanford v. Louisiana*, 228 F. App'x 492, 493 (5th Cir. 2007) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

[10] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018).

[11] *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023).

No. 24-40599

"liberally constru[e]" *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers,"[12] *pro se* plaintiffs "must still plead factual allegations that raise the right to relief above the speculative level."[13]

## III. Analysis

On appeal, Davis argues that the district court erred in dismissing his various claims, each of which we address in turn.

### A. Unlawful Arrest & Excessive Force

The district court correctly concluded that Davis's unlawful-arrest and excessive-force claims are time-barred. As Davis's appellate counsel conceded at oral argument, both claims accrued at the moment of Davis's arrest.[14]

Texas's limitations period for § 1983 claims is two years.[15] Because Davis was arrested on February 7, 2019, he had until February 7, 2021 to sue for unlawful arrest and excessive force. He did not file this action until June 2024. The claims are therefore untimely.

Although the district court dismissed these claims without prejudice, Davis may not replead them because they are time-barred.[16] In these

---

[12] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[13] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

[14] *See Davis*, 2024 WL 4179171, at *3 (first citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007); and then citing *Morill v. City of Denton*, 693 F. App'x 304, 306 (5th Cir. 2017)).

[15] *See Helton*, 832 F.2d at 334 ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is . . . two years.").

[16] *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) ("The district court dismissed the action at bar without prejudice. Because of the operation of the statute of limitations, however, the dismissal operates as a dismissal with prejudice."); *Boazman v.*

circumstances, dismissal without prejudice has the same practical effect as dismissal with prejudice.

### B. Malicious Prosecution

The district court also correctly dismissed Davis's malicious-prosecution claim. He alleged that prosecutors maliciously charged him with a crime he did not commit. To prevail on a § 1983 malicious-prosecution claim, a plaintiff must prove six elements:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.[17]

"[I]f the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward."[18] The district court dismissed Davis's malicious-prosecution claim at the third prong because he failed to show favorable termination of his criminal proceedings.[19] We agree. And the fourth prong provides an independent basis for dismissal.

---

*Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) ("Where, however, the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice."); *Searcy v. Paxton*, No. 21-40602, 2022 WL 1763373, at *1 (5th Cir. June 1, 2022) (per curiam) (quoting *McNeal v. Papasan*, 842 F.2d 787, 794 n.1 (5th Cir. 1988) ("[W]hen the statute of limitations on a claim has expired, a dismissal of that claim without prejudice is, in reality, a sanction no less harsh than dismissal with prejudice.")).

[17] *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (citing *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002)).

[18] *See id.* at 279 n.15.

[19] *See Davis*, No. 6:24-cv-207, 2024 WL 3890185, at *2 (E.D. Tex. Aug. 21, 2024) (citing *Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993)).

No. 24-40599

Davis's criminal proceedings did not terminate in his favor. He was convicted by plea of *nolo contendere* for interfering with public duties. A *nolo contendere* plea is not the sort of "favorable termination" required to sustain a malicious-prosecution claim.[20] So far as this claim is concerned, that ends the matter.

On appeal, Davis offers a new theory: the government's decision to drop the evidence-tampering charge, he says, reflected favorable termination of an underlying criminal proceeding. True, malicious-prosecution claims are evaluated on a charge-by-charge basis,[21] and a plaintiff "may succeed when a baseless charge is accompanied by a valid charge."[22] But that is not what happened here. The government dropped the evidence-tampering charge as part of an agreement under which Davis entered a *nolo contendere* plea for interfering with public duties. Favorable termination requires a plaintiff to "show that the criminal prosecution ended without a conviction."[23] A bargained-for conviction of this sort is not favorable termination.[24]

Probable cause provides an independent reason this claim fails. As part of his *nolo contendere* agreement, Davis "confess[ed] that each and every

---

[20] *See Pete*, 8 F.3d at 219 ("Pete fails to state a claim for malicious prosecution because his prosecution ended with a plea of *nolo contendere* and resulting conviction and thus the action did not terminate in his favor. This bars any action for malicious prosecution.").

[21] *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024).

[22] *See id.*

[23] *See Thompson v. Clark*, 596 U.S. 36, 49 (2022).

[24] *See* RESTATEMENT (SECOND) OF TORTS § 660 ("[T]ermination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if . . . the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused.").

allegation contained in the indictment" was "true and correct," and reflected "factual evidence against [him] in this case." In stipulating to the indictment, Davis acknowledged that he acted with "criminal negligence" and "interrupted a peace officer" while the officer was conducting a consensual search of his vehicle. That confession tracks the elements of the Texas offense of interference with public duties and thus confirms probable cause for that charge.[25]

Because Davis's criminal proceedings did not terminate in his favor, and because probable cause supported the charge to which he pleaded, the district court correctly dismissed his malicious-prosecution claim.

### C. Fabrication of Evidence

Davis initially alleged that "the prosecution team sought . . . to maliciously prosecute [him] with fabricated evidence." Given that phrasing, the district court treated the fabrication allegation as part of Davis's broader malicious-prosecution claim and dismissed it along with that claim.

On appeal, however, Davis presses a freestanding evidence-fabrication argument. He is right that malicious prosecution and evidence fabrication may be pleaded as separate claims.[26] But he did not distinctly plead a standalone fabrication claim in the district court. We therefore do not entertain that theory for the first time on appeal.

---

[25] *See* TEX. PENAL CODE § 38.15(a)(1) ("A person commits [interference with public duties] if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or excising authority imposed or granted by law.").

[26] *See Dean v. Phatak*, 162 F.4th 555, 564–65 (5th Cir. 2025) (WILLETT, J.) (recognizing a standalone § 1983 evidence-fabrication claim).

The first mention of prosecutorial evidence tampering appears in Davis's objections to the magistrate judge's report and recommendation. There, he asserted that *prosecutors* fabricated evidence "from the moment of [his] arrest" because *officers* declined to order an immediate drug test. Had he been tested on the day of the traffic stop, Davis says, the results would have confirmed he did not swallow cocaine. He also alleged that he tested negative for illegal drugs in the days following his arrest. According to Davis, prosecutors fabricated evidence by charging him despite those negative drug tests and despite the officers' initial decision not to test him.

But Davis's complaints did not clearly plead such a claim. To be sure, they recount the facts of his arrest, including the negative drug tests and the officers' refusal to have him immediately tested for drugs. The complaints also suggest that he was maliciously prosecuted by being charged with a crime he did not commit. But they never allege that prosecutors knew of—much less deliberately concealed—the negative drug tests, or that prosecutors were responsible for the officers' decision not to order testing in the first place. Because the complaints did not actually plead a fabrication-of-evidence claim against prosecutors, the magistrate judge had no fair opportunity to evaluate it, the defendants had no fair opportunity to respond to it, and the district court understandably treated the allegation as part of the malicious-prosecution claim. By failing to plead this theory in his complaints, Davis forfeited it.[27]

---

[27] *See, e.g.*, *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *Salas v. City of Galena Park*, No. 24-20034, 2024 WL 4719613, at *3 (5th Cir. Nov. 8, 2024) (per curiam) ("[T]hat issue was first raised in Plaintiffs' objections to the magistrate judge's Recommendation and is therefore [forfeited].").

No. 24-40599

If Davis wishes to allege—as a distinct claim—that prosecutors themselves fabricated evidence, he may attempt to do so in an amended complaint on remand.

### D. Post-Indictment Search and Seizure

Davis also asserts, for the first time on appeal, that the conditions of his pretrial release—namely, a drug-testing requirement, weekly reporting to probation, and restrictions on possessing firearms and alcohol—violated the Fourth Amendment.[28] In his view, those conditions amounted to unlawful searches and seizures.

Davis did not present that theory to the district court. His complaints alleged that the officers used excessive force and unlawfully arrested him in violation of the Fourth Amendment. He also mentioned paying $100 a month for his pretrial drug testing. But he never connected those pretrial-release conditions to an asserted constitutional violation. The district court therefore never had occasion to consider whether those conditions complied with the Fourth Amendment.

We decline to resolve that question in the first instance.[29] Davis may attempt to plead it in an amended complaint on remand.

---

[28] *See* U.S. CONST. amend. IV.

[29] *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("As a court for review of errors, we do not decide facts or make legal conclusions in the first instance, but review the actions of a trial court for claimed errors." (cleaned up)).

### E. Claims Based on Officials' Failure to Act

The district court correctly dismissed Davis's claims against the officials who allegedly ignored his complaints about the police. But those claims should have been dismissed without prejudice rather than with prejudice.

Davis's pleadings fell short of stating a claim against the officials who allegedly ignored his reports of unconstitutional policing. His complaints allege that he repeatedly informed officials that he had been "falsely accused of eating crack cocaine" and "racially profiled." He further contends that the City, the County, and the Tyler Police Department "turned a blind eye" to his allegations in order to "cover up" a broader pattern of racial profiling, pretextual stops, excessive force, and unlawful arrests.

The district court dismissed those allegations as conclusory. That conclusion was correct. As the district court recognized, Davis's complaints offer "nothing more than general assertions that the city and county officials" were notified of constitutional violations and refused to act. Our precedents confirm that allegations of that sort do not state a claim.

First, the officials to whom Davis reported the officers' conduct are not liable under a failure-to-intervene theory. "An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act."[30] That theory does not fit this case. The officials to whom Davis later complained were not present at the scene of the alleged constitutional violation and had no opportunity to prevent the

---

[30] *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) (citation omitted).

harm as it unfolded. Davis therefore has not stated a failure-to-intervene claim.

Nor do Davis's pleadings adequately state a claim based on unconstitutional custom. A municipality or its policymakers "may be held liable under § 1983 when execution of a government's policy or custom, by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[31] Davis identifies no official policy endorsing the allegedly unconstitutional conduct. Instead, he asserts only in general terms that the violations he experienced reflect a broader custom.

But to state a claim based on unconstitutional custom, a plaintiff "must demonstrate a pattern of abuses that transcends the error made in a single case."[32] Such a pattern of requires "sufficiently numerous prior instances," along with "similarity and specificity."[33] Davis's pleadings do not come close. They offer only a broad, conclusory assertion that city and county officials have violated the Constitution in cases beyond his own. That sort of blanket allegation establishes neither numerosity, similarity, nor specificity.[34] The district court therefore correctly dismissed Davis's allegations of municipal inaction as conclusory.

Even so, those claims should have been dismissed without prejudice. When dismissing a *pro se* complaint, a district court ordinarily should do so "without prejudice in order to allow the plaintiff an opportunity to file an

---

[31] *Pratt v. Harris County*, 822 F.3d 174, 180 (5th Cir. 2016) (cleaned up) (citing *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

[32] *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009) (internal quotation marks omitted).

[33] *Id.* at 851.

[34] *See, e.g.*, *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).

amended complaint," unless "the plaintiff has [already] been given adequate opportunity to cure the inadequacies in his pleading[s] or if the pleadings demonstrate that the plaintiff has pleaded his best case."[35] Although the district court allowed Davis to amend once, his amended complaint remained as inartful as the first. On this record, we are not persuaded that Davis has pleaded his best case as to these claims.

"With the benefit of more specific allegations, [Davis] may be able to state a claim" against the individuals who allegedly ignored his complaints or conspired to conceal unconstitutional conduct.[36] And "[b]ecause it is not clear that [Davis] amended his complaint with a sufficient understanding of the inadequacies in his original pleading or that he has pleaded his *best case*, the general rule that dismissal should be without prejudice applies."[37]

## IV. Disposition

This case presents procedural and constitutional issues that require careful pleading. We cannot say with confidence that any new pleadings on remand will be clearer than Davis's first two, such that they would survive a motion to dismiss. But our decision to appoint appellate counsel suggests that appointing counsel on remand may be appropriate.[38]

We therefore AFFIRM in part and VACATE in part the district court's order dismissing Davis's action. We REMAND with instructions to

---

[35] *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (internal quotation marks omitted).

[36] *See id.* at 423–24.

[37] *See id.* at 424.

[38] *See Ricks v. Khan*, 135 F.4th 296, 303 (5th Cir. 2025).

No. 24-40599

grant Davis leave to amend and to consider appointing counsel to represent him. We express no view on the ultimate merits of Davis's remanded claims.